



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:        Attention:  Mr. Charles X. Baughman

Opinion No. 0-954
Re: Appropriation to the Department of
Agriculture by the 46th Legislature

By your letter of October 31, 1939, you ask the opinion of this department upon the question whether the Governor's veto of Item 58J of your appropriation, as contained in Senate Bill 427, passed by the 46th Legislature, is effective to deprive you of the right to use the $2,500 therein appropriated for traveling expenses, for that purpose.

You point out in your letter that Section 9, Chapter 564, Acts of the Regular Session of the 41st Legislature, known as "The Germination and Weed Seed Law," sets up a special fund in the following language:

"All moneys received from the receipt of such fees shall be paid into the State Treasury, to be credited to the funds of the State Department of Agriculture to be used exclusively in the administration of this Act."

You recognize, of course, that the special fund thus created is not available for expenditure, under Article 8, Section 6 of our Constitution, except by virtue of appropriation made by law; and that, since no appropriation may be made for a longer period than two years, the availability of this fund is to be tested by the provisions of the departmental appropriation bill passed by the 46th Legislature, during the current fiscal biennium.

In the appropriation made by the Legislature in Senate Bill 427, Acts Regular Session, 46th Legislature, under the general heading "Seed Laboratory Division," appears the following:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Department of Agriculture, Page 2

"58. Salaries and other expenses in the Agricultural Field Feed Fund, Chapter 304, Regular Session, 41st Legislature.

"58a. Assistant Analyst, $1,440.00.

"58b. Assistant Analyst, $1,350.00.

"58c. Assistant Analyst, seasonal, $75.00 per month, $256.50.

"58d. Assistant Analyst, seasonal, $75.00 per month, $256.50.

"58e. Assistant Analyst, seasonal, $75.00 per month, $256.50.

"58f. Assistant Analyst, seasonal, $75.00 per month, $256.50.

"58g. Addressograph machine operator, $1,200.00.

"58h. Seed inspector, $1,800.00.

"58i. Rent, heat, light, postage, telephone, telegraph, printing supplies and contingent, $2,500.00.

"58j. Traveling expenses, $2,500.00."

The foregoing were the appropriations made by the Legislature for the current fiscal biennium to your department, from the special fund to which you refer; but the Governor, in the exercise of his constitutional authority, vetoed Items 58h and 58j.

The special rider appended to the appropriation for the Department of Agriculture reads in part as follows:

"For each of the fiscal years ending August 31, 1940, and August 31, 1941, all fees and/or un-expended balances which have been received and which may be received by virtue of ... Chapter 304, Regular Session, 41st Legislature ... and any amend-ments to any of said Acts, are hereby appropriated, after they shall have been deposited in the State

Treasury, to the credit of the State Department of
Agriculture to be used by said department for the
enforcement of the abovementioned Acts and for the
operation and maintenance of said activities as
hereinbefore specifically itemized, and in no event
shall any of these fees be used otherwise."

The answer to your question is controlled by what
we have already said to you concerning similar appropriations
and vetoes of the Governor, in our Opinion No. O-1687. As
was the case in that opinion, there is not involved in this
inquiry the question upon which this department has already
ruled concerning the right of the department to pay traveling
expenses out of an item specifically appropriated for "con-
tingent" expenses in the situation where no specific pro-
vision has been made by itemization for traveling expenses.

Item 58 is not in truth and in fact an item of
appropriation in and of itself, but was intended by the
Legislature to be merely descriptive of the general character
of the specific "items of appropriation" given the same
numeral and followed by the letters a, b, c, etc., immediate-
ly following the original numeral. In other words, the
term "58. Salaries and other expenses in the Agricultural
Field Feed Fund, Chapter 304, Regular Session, 41st Legis-
lature," is but descriptive of appropriations subsequently
made immediately following such phrase for a subdivision of
the Seed Laboratory Division of the Agricultural Department,
just as the phrase "Seed Laboratory Division," immediately
preceding various items of appropriation, is descriptive of
the general character of appropriations made to that division
of the Department of Agriculture.

We quote from our opinion above referred to as follows:

"The special rider quoted in your letter, also
quoted above, does not purport to make these fees
available to the Department of Agriculture generally
to be used for the enforcement of the Acts under
which they are collected and for the operation and
maintenance of such activities, but appropriates said
fees restrictively, with the limitation that they
may be used by the Department of Agriculture for the
operation and maintenance of said activities and the
enforcement of the Acts under which they are collect-
ed 'as hereinabove specifically itemized and in no



Department of Agriculture, Page 4

event shall any of these fees be used otherwise.'
It follows that these fees are not available to
the Department generally, but are available only
to defray the items of expenses to which they are
appropriated as specifically itemized in the Act
as it appeared when it became the law of the State
of Texas, which was not until it had been approved
by the Governor. The Governor's veto of such
specific items indicated above was fully effective
to eliminate these items from the appropriation
bill, and therefore to limit the authority to
expend these funds accordingly."

It may be conceded that the 46th Legislature intended
that the item of $2,500 for traveling expenses, to be paid out
of the special fund, should be available for the use of your
Department in the administration of the Act under which the
special fund is collected. It must be borne in mind, however,
that the act of the Legislature in so providing is not suf-
ficient in and of itself to confer authority to expend the
moneys, but the approval by the Governor of the item of expen-
diture contemplated must be had. In this instance, the
Governor saw fit to exercise his constitutional authority
to veto this item of appropriation, and therefore such veto
effectively removed such item of appropriation from the bill,
and such item of appropriation never became available, by
law, for expenditure during the current fiscal biennium.

In your letter of November 28, 1939, you call our
attention to the case of Fulmore v. Lane, 140 S.W. 405, where-
in the court stated that "the Governor has no constitutional
authority to veto the language qualifying an appropriation
or directing the method of its expenditure." The case of
Fulmore v. Lane has no application to the situation confront-
ing us at the present time, for the Governor did not veto
language qualifying the appropriation or directing the method
of its expenditure, but vetoed an item of appropriation.

It follows from what we have said above that your
question must be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 9, 1939

RWF:pbp *Gerald G. Mann*

ATTORNEY GENERAL OF TEXAS

By *R.W. Fairchild*

R. W. Fairchild
Assistant

APPROVED
OPINION
COMMITTEE